No. 24-10814

# IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

## UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

## RACHELL LYNN WADDELL

*Defendant-Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS, AMARILLO DIVISION
NO. 2:21-CR-00046-Z-BR-1; THE HONORABLE MATTHEW J. KACSMARYK

INITIAL BRIEF OF APPELLANT

W. BROOKS BARFIELD JR.
ATTORNEY AT LAW
P.O. BOX 308
AMARILLO, TX. 79105
barfieldlawfirm@gmail.com
806.468.9500
806.372.6181 Fax
SBN 00783597

ATTORNEY FOR APPELLANT

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of 5th CIR Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

| Trial Court: | |
| --- | --- |
| The Honorable Matthew J. Kacsmaryk | |

| Appellee: | Counsel for Appellee in the 5th Circuit: |
| --- | --- |
| United States of America | Stephen S. Gilstrap |
| | Counsel for Appellee in the Trial Court: |
| | Joshua Jerome Frausto |
| | Anna Marie Bell |

| Appellant: | Counsel for Appellant (both 5th Circuit and Trial Court): |
| --- | --- |
| Rachel Lynn Waddell(#80672-510) FCI Hazelton 1640 Sky View Drive Bruceton Mills, WV  26525 | W. Brooks Barfield Jr. |

*S/ W. BROOKS BARFIELD, JR.*
W. Brooks Barfield Jr.
Attorney of record for Rachel Lynn
   Waddell

## STATEMENT REGARDING ORAL ARGUMENT

Rachel Waddell requests oral argument. Waddell challenges the district court's admission of certain photographs purportedly that were taken from her cell phone using an app to the charged offense. The district court admitted the photographs as extrinsic-offense evidence pursuant to Rule 404(b), even though the evidence failed to connect Luna to the subject matter of three of the photographs in any way, and thus the photographs could not be evidence of any act by Luna. The fourth photograph, while taken by Luna, was simply a photograph of guns. Guns are legal in the United States, despite the effort of the government to imply criminal behavior through the introduction of the photograph and the testimony of it witness. Oral argument will assist the Court's consideration and resolution of the issue raised.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS....................................................2

STATEMENT REGARDING ORAL ARGUMENT ...........................................3

TABLE OF CONTENTS.................................................................................4

TABLE OF AUTHORITIES ...........................................................................5

JURISDICTIONAL STATEMENT ....................................................................7

STATEMENT OF THE ISSUES ......................................................................7

STATEMENT OF THE CASE .........................................................................8

  a. Procedural History .......................................................................8

  b. Statement of Facts .......................................................................10

SUMMARY OF THE ARGUMENT .................................................................13

ARGUMENT AND AUTHORITIES.................................................................14

  Issue I
    Whether the erroneous admission of irrelevant,
    unauthenticated, highly prejudicial photographs requires the
    conviction be vacated.........................................................................14

  Issue II
    Whether a clerical error in the judgment requires correction. .19

CONCLUSION..........................................................................................21

CERTIFICATE OF SERVICE .......................................................................22

CERTIFICATE OF COMPLIANCE................................................................22

# TABLE OF AUTHORITIES

### Cases

*United States v. Barlow*, 568 F.3d 215 (5th Cir.2009) ........................ 16

*United States v. Beechum*, 582 F.2d 898 (5th Cir. 1978) ................... 18

*United States v. Buendia-Rangel*, 553 F.3d 378 (5th Cir. 2008) .......... 19

*United States v. Clayton*, 643 F.2d 1071 (5th Cir. Unit B 1981) .......... 17

*United States v. Cooper*, 979 F.3d 1084 (5th Cir. 2020) ..................... 19

*United States v. Fields*, 483 F.3d 313 (5th Cir.2007) ........................ 17

*United States v. Gutierrez-Farias*, 294 F.3d 657 (5th Cir. 2002) ......... 15

*United States v. Gutierrez-Mendez*, 752 F.3d 418 (5th Cir. 2014) ........ 15

*United States v. Hays*, 872 F.2d 582 (5th Cir. 1989) ........................ 15

*United States v. Isiwele*, 635 F.3d 196 (5th Cir.2011) ....................... 16

*United States v. Jackson*, 339 F.3d 349 (5th Cir. 2003) ..................... 18

*United States v. Maldonado*, No. 23-50859, 2024 WL 3540462 ........... 20

*United States v. Nagin*, 810 F.3d 348, 354 (5th Cir. 2016) ................. 20

*United States v. Sosa*, 513 F.3d 194, 200 (5th Cir. 2008) ................... 15

*United States v. Spencer*, 513 F.3d 490, 491 (5th Cir.2008) ................ 20

*United States v. Steen*, 55 F.3d 1022 (5th Cir.1995) ......................... 20

*United States v. Winters*, 530 Fed. Appx. 390 (5th Cir. 2013) ............. 17

## Statutes

18 U.S.C. § 3231 ........................................................................... 6

18 U.S.C. § 3742 ........................................................................... 6

21 U.S.C. §§841 ........................................................................... 7

28 U.S.C. § 1291 ........................................................................... 6

## Rules

FED. R. CRIM. P. 36 ................................................................. 19, 20

FED. R. EVID. 104 ........................................................................ 16

FED. R. EVID. 403 .................................................................. 17, 18

FED. R. EVID. 901 ........................................................................ 16

## JURISDICTIONAL STATEMENT

The District Court had jurisdiction under 18 U.S.C. § 3231.  The District Court announced sentence on August 29, 2024, and entered Final Judgment on December 30, 2024.  ROA.286.  Waddell timely filed a notice of appeal on September 5, 2024, pursuant to Federal Rule of Appellate Procedure 4.  ROA.291.  Thus, this Court now has jurisdiction over Carrasco's appeal under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

## STATEMENT OF THE ISSUES

### I.

Whether the erroneous admission of irrelevant, unauthenticated, highly prejudicial photographs requires the conviction be vacated.

### II.

Whether a clerical error in the judgment requires correction.

## STATEMENT OF THE CASE

In this appeal, Ms. Waddell raises a single substantive issue related to the erroneous admission of irrelevant, unauthenticated, highly prejudicial photographs.

### a. Procedural History

Waddell was indicted, along with ten other codefendants, by a grand jury on September 28, 2023, in Count 1 of a seven count indictment, alleging she did knowingly and intentionally combine, conspire, confederate, and agree with each other and with persons known and unknown to the grand jury to knowingly and intentionally distribute and possess with intent to distribute a mixture and substance containing a detectable amount of fentanyl, a schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) on or about April 28, 2020, in the Northern District of Texas; in Count 2 for unlawfully, knowingly, and intentionally possessing with intent to distribute over fifty grams of actual methamphetamine in violation of 21 U.S.C. §§841(a)(1) and 841 (b)(1)(c) beginning on or about a date unknown and continuing until on or about the date of the

indictment. ROA.17-28. Waddell entered a plea of not guilty in this case. ROA.55.

The case proceeded to a jury trial. ROA.591. Voir dire commenced on April 23, 2024. ROA.412. A jury was selected, seated and sworn. ROA.588. The Government presented the testimony of witnesses and introduced numerous exhibits. ROA.613 et. seq. After the Government rested, Waddell moved for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29(a). ROA.925. The Government responded. ROA.514. The District Court denied the motion. ROA.926. Waddell rested without presenting evidence. ROA.933. Both sides then closed. ROA.980.

On April 25, 2024, Wadell was convicted following the jury trial. ROA.268. She was sentenced on August 29, 2024, to imprisonment for 240 months. ROA.287. The Court did not order a fine but did order a special assessment of $100.00. ROA.286. The term of imprisonment is to run consecutively to any sentence that may be imposed in Case #s 1665666D, 1665668D pending in the 297th District Court, Tarrant County, Texas, Case #31845-C in the 251st District Court, Randall

County, Texas, and Case # 2023-0014-1 in the County Court at Law #1, Randall County, Texas.. ROA.287. The Court ordered Waddell shall be placed on supervised release for a term of 3 years. ROA.287. A Notice of Appeal was timely filed on September 5, 2024. ROA.291.

## b. Statement of Facts

Starting in approximately July of 2023, Amarillo law enforcement received information about two individuals in Amarillo, Texas by the name of Rebecca Schmitkons and Robert Witt, that they were distributing fentanyl from their apartment at 1550 Bell in Amarillo, Texas. ROA.661. Law enforcement established physical surveillance at the apartment, watching them come and go from the apartment along with other individuals. ROA.662. The behavior was consistent with drug trafficking, and a search warrant was obtained. ROA.662. Suspected fentanyl pills, guns, U.S. currency and cell phones were seized as a part of the search. ROA.663.

Both consent and a warrant were obtained to examine the cell phones, which led to Waddell being mentioned or implicated in a distribution conspiracy and Gary Carlisle, Sr. being identified as

Schmitkons and Witt's supplier. ROA.663. On August 8th of 2023, law enforcement received further information that Carlisle was at a motel in Amarillo, and was arrested the following day for distributing fentanyl from that location. ROA.666. Additional cell phones were seized as a result of that arrest, and examination revealed text message exchanges were located sent to and from a number purportedly belonging to Waddell. ROA.670.

Exhibit 39 was a series of photographs taken of one of Carlisle cell phones depicting text message communications of an incriminating nature with respect to Waddell. ROA.669. Exhibit 40 was a series of photographs taken of Carlisle second cell phone which contained "Cashapp" transactions which were later discovered to correspond to transaction on a phone recovered from Waddell. ROA.669. Based upon the information from Carlisle's cell phones, the investigation of Waddell's involvement in the conspiracy continued. ROA.683.

Waddell's vehicle was identified, and on August 27, 2023, it was determined she was travelling between Albuquerque, NM, and Oklahoma City, a known drug route. ROA.273. Law enforcement

initiated a plan to stop Waddell's vehicle that night and arrest her based upon an outstanding warrant. ROA.685. Her vehicle did not immediately yield, but was eventually stopped outside Groom, Texas, and Waddell was arrested. ROA.756. During the stop and search, significant contraband was found and during the post-arrest questioning and interview, Waddell made many incriminating admissions. ROA.691 et seq.

Foremost among these related to a search of her cell phone and findings related to a phone application called "Pilleye." ROA.732. A law enforcement officer testified it was application on a cell phone and it uses the cell phone's camera to take a picture of pills as they're spread out on a flat surface which photograph gives a count of the number of pills laying out. ROA.731. Despite his years of narcotics investigation experience, the lead detective serving as the case agent had never encountered the "Pilleye" application before. ROA.858. He admitted that many of the photos appeared to be duplicates. ROA.859. There was no way to verify what was a duplicate and what was not a duplicate. ROA.859. He did not know the application's accuracy or error rate. ROA.860. He was not qualified as an expert, never seized any of the pills purportedly depicted

in the photos within the app, never tested any of those pills, could not say for sure what the pills were in fact and it was undisputed he did not take the photos or was otherwise present when they were taken. ROA.861. He could not verify even that Waddell had exclusive access to the application or the phone. ROA.862.

The "Pilleye" photographs were subject to a myriad of objections. ROA.346 & ROA.349 et seq. Nevertheless, the trial court conditionally admitted a version of the photographs. ROA.317. Ultimately, Exhibits 34-A, 41-A, which were "Pilleye" photographs from Waddell's phone as well as a phone from a codefendant were admitted to the jury. ROA.236.

Although the jury found Waddell guilty, the Judgment recites that she pled guilty. ROA.286. The trial court sentenced Waddell to imprisonment for 240 months on August 29, 2024. ROA.287. A timely-filed Notice of Appeal followed on September 5, 2024. ROA.291.

## SUMMARY OF THE ARGUMENT

The erroneous admission of irrelevant, unauthenticated, highly prejudicial photographs requires the conviction be vacated. The government admitted into evidence numerous photographs taken from

Ms. Waddell's phone. These photographs were allegedly taken using an application called "Pilleye" and purported to depict fentanyl pills and their quantities, supposedly numbering in the thousand. These photographs were erroneously admitted because they were not relevant absent a showing the pills in the photographs actually were what they were purported to be, were not properly authenticated, and the probative value, if any, was substantially outweighed by the danger of unfair prejudice. The conviction should be vacated, and the case should be remanded for a new trial.

## ARGUMENT AND AUTHORITIES

### Issue I

**Whether the erroneous admission of irrelevant, unauthenticated, highly prejudicial photographs requires the conviction be vacated.**

The district court erred by allowing the government to introduce numerous photographs taken from Waddell's phone supposedly using an application called "Pilleye." The photographs purport to depict fentanyl pills numbering in the thousands. However, Waddell was not depicted in the photographs, and neither was there any evidence she took the photographs. Moreover, there was no evidence of how the "Pilleye"

application functioned, whether or not was reliable, whether Waddell took the photographs or whether or not what was depicted in the photographs was indeed fentanyl at all. Additionally, even if all of the aforementioned evidentiary deficiencies are disregarded, any probative value the photographs had was substantially outweighed by the danger of unfair prejudice that they posed. The conviction should be vacated and the case remanded for a new trial.

## A.    Standard of Review

Because "evidence in criminal trials must be strictly relevant to the charged," this Court reviews evidentiary rulings under a heightened abuse of discretion standard. *United States v. Gutierrez-Mendez*, 752 F.3d 418, 423 (5th Cir. 2014); *see also United States v. Hays*, 872 F.2d 582, 587 (5th Cir. 1989) (same). Admission of prejudicial irrelevant facts is fatal, even if sufficient relevant evidence exists to sustain the verdict. *United States v. Sosa*, 513 F.3d 194, 200 (5th Cir. 2008); *United States v. Gutierrez-Farias*, 294 F.3d 657, 662 (5th Cir. 2002).

## B.    Discussion

*1.*    **The photographs were not shown to be relevant and properly authenticated.**

Because there was no evidence to show how the "Pilleye" application allegedly used to take the photographs worked or was otherwise reliable, the photographs were not properly authenticated.  Moreover, there was no evidence to establish the pills purportedly depicted in the photographs were actually fentanyl or that Waddell was even present when the photographs were taken, much less that she was the person who took those photographs.  These matters should have been a condition precedent to admissibility under FED. R. EVID. 104b.  Absent such a showing under Rule 104b, the photographs were irrelevant and were not properly authenticated.

The photographs admitted at trial against Waddell were indisputably irrelevant unless it could be shown that the "Pilleye" application functioned in such a way as to be held to be reliable and also that the pills purportedly depicted in the photographs were actually fentanyl that could also be tied to Waddell.  Relevance of the photographs indisputably depended on whether these facts existed.

Therefore, the photographs were subject to a preliminary determination of relevancy conditioned upon fact.  FED. R. EVID. 104.

Thus, FED. R. EVID. 901 requires that "the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." *See also United States v. Isiwele*, 635 F.3d 196, 200 (5th Cir.2011) (holding that proof does not need to be conclusive, and any flaws go to the weight of the evidence rather than admissibility); *United States v. Barlow*, 568 F.3d 215, 220 (5th Cir.2009) (holding that testimony of a knowledgeable person is sufficient).  A photograph can be authenticated by someone other than the photographer "if he recognizes and identifies the object depicted and testifies that the photograph fairly and correctly represents it."  *United States v. Winters*, 530 Fed. Appx. 390, 395 (5th Cir. 2013) (citing *United States v. Clayton*, 643 F.2d 1071, 1074 (5th Cir. Unit B 1981).  The Government did not meet the burden of authentication in the instant case, and Exhibits 34-A and 41 should have been excluded.

*2.*    ***Even assuming that the conditions precedent to admissibility for the photographs were sufficient to pass the relevancy test and properly authenticated, nevertheless they should have been excluded under*** FED. R. EVID. *403.*

Nor can we ignore the failure of the court to exercise its discretion under FED. R. EVID. 403 to "exclude relevant evidence if its probative value is substantially outweighed by a danger of ... unfair prejudice ... [or] misleading the jury[.]" *United States v. Winters*, 530 Fed. Appx. 390, 395 (5th Cir. 2013). We recognize that "we must afford an especially high level of deference to district courts in such circumstances." *Id.* (citing *United States v. Fields*, 483 F.3d 313, 354 (5th Cir.2007)).

"'Unfair prejudice' within its [Rule 403] context means an undue tendency to suggest a decision on an improper basis commonly, though not necessarily, an emotional one." FED. R. EVID. 403, advisory committee's notes (1972); *see also United States v. Jackson*, 339 F.3d 349, 356 (5th Cir. 2003) (same). Improper bases for a decision include that "the jury may feel that the defendant should be punished for that [extrinsic] activity even if he is not guilty of the offense charged," *United States v. Beechum*, 582 F.2d 898, 914 (5th Cir. 1978) (en banc).

Despite high bar of deference, the district court erred. Here, Just as in *Winters*, because the content depicted in the photographs cannot be tied to Waddell or the conspiracy, the photos had little probative value as to Waddell's involvement in the conspiracy. Even more significantly, the pictures, depicting overwhelming amounts of pills which could not even be verified as confirmed contraband, were highly prejudicial. The erroneously admitted evidence prejudiced Waddell and affected her substantial rights by suggesting conviction on an improper basis. As such, her conviction should be vacated and the matter remanded to the trial court for a new trial.

## Issue II

**Whether a clerical error in the judgment requires correction.**

The judgment in the instant case reflects that Waddell plead guilty when in fact she was found guilty following a jury trial. A clerical error is when "the court intended one thing but by merely clerical mistake or oversight did another". *United States v. Buendia-Rangel*, 553 F.3d 378, 379 (5th Cir. 2008) (citation omitted). Under FED. R. CRIM. P. 36, the district court "may at any time correct a clerical error in a judgment,

order, or other part of the record, or correct an error in the record arising from oversight or omission". Rule 36 applies "[w]here the record makes it clear that an issue was actually litigated and decided but was incorrectly recorded in or inadvertently omitted from the judgment". *United States v. Cooper*, 979 F.3d 1084, 1089 (5th Cir. 2020) (citation omitted). "While there may be circumstances where the line between clerical error and judicial error is unclear, we have generally found that correction of a clerical error occurs when the modification neither affects a party's substantive rights nor contradicts the court's and the parties' intentions as to the judgment." *See, e.g., United States v. Spencer*, 513 F.3d 490, 491 (5th Cir.2008) ("[C]ourts have deemed Rule 36 the appropriate mechanism for amendments that do not substantively alter the sentence announced orally but rather correct errors in written judgments."); *United States v. Steen*, 55 F.3d 1022, 1026 n. 3 (5th Cir.1995) (collecting cases). A limited remand to correct a clerical error is not required. *United States v. Maldonado*, No. 23-50859, 2024 WL 3540462, at *1 (5th Cir. July 25, 2024) (not designated for publication) (citing FED. R. CRIM. P. 36; *United States v. Nagin*, 810 F.3d 348, 354 (5th Cir. 2016) (affirming judgment "without affecting the district court's

authority to correct any clerical errors")).

## CONCLUSION

For the above stated reasons, this Court should vacate the below conviction.

Respectfully Submitted,

W. BROOKS BARFIELD JR.
  ATTORNEY AT LAW

/S/ W. BROOKS BARFIELD JR.
W. Brooks Barfield Jr.
P.O. BOX 308
AMARILLO, TX. 79105
barfieldlawfirm@gmail.com
806.468.9500
806.372.6181 Fax
SBN 00783597

ATTORNEY FOR APPELLANT

## CERTIFICATE OF SERVICE

I certify that a copy of this brief was served on the AUSA by ECF to AUSA Stephen Gilstrap on February 5, 2025. I further certify that a copy of the brief for appellant is being mailed on the same day to Ms. Rachell Lynn Waddell to her last known address.

/S/ *W. BROOKS BARFIELD, JR.*
W. Brooks Barfield Jr.

## CERTIFICATE OF COMPLIANCE

1.    This brief complies with the type-volume limitations of Federal Rule of Appellate Procedure 32(a)(7)(B) because this brief contains 2,476 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f).

2.    This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft® Office Word 365 in 14-Century Schoolbook font.

/S/ *W. BROOKS BARFIELD, JR.*
W. Brooks Barfield Jr.